# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREA ZAMBRANO,

    Defendant.

Case No. 2:13-cr-00437-LDG (VCF)

<u>ORDER</u>

Defendant Andrea Zambrano moves to vacate, set aside, or correct criminal sentence pursuant to 28 U.S.C. §2255 (ECF ## 73,75)[1], which the government opposes (ECF #79). The Court will deny the motion.

Zambrano also moves, *pro se*, to stay interest and defer payments because her obligation to pay restitution is joint and several (ECF #95), and has submitted a hand-written letter that both (a) asks the Court to modify her obligation to pay restitution, so that she has individual obligation to pay only half of the restitution owed to the victim, rather

---

[1] Zambrano also moves to stay consideration of her motion (ECF #89) and to reconsider her sentence (ECF #92). The latter motion is merely repetitive of her pending §2255 motion.

than a joint and several obligation with co-defendant Anthony Carter to pay the entire amount of the restitution, and asks the Court to grant her credit for time served (ECF #96).

Zambrano pled guilty to carjacking in violation of 18 U.S.C. §2119 and to using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c). She argues that carjacking neither (a) qualifies as a crime of violence (a) under §924(c)'s physical force clause because carjacking can be committed by "intimidation," nor (b) qualifies pursuant to Section 924(c)'s residual clause, as that clause should be found to be unconstitutional pursuant to the Supreme Court's reasoning in *Johnson v. United States*, 135 S.Ct. 2551 (2015).

Two bars exist that preclude Zambrano from obtaining relief on her motion. In *Johnson,* the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), (2)(B)(ii), was unconstitutionally vague. Zambrano filed the instant motion arguing that *Johnson* is equally applicable to §924(c) cases and that her instant motion is timely as it was filed within one year of *Johnson*. The Ninth Circuit, however, has held to the contrary, finding that "[t]he Supreme Court has not recognized that § 924(c)'s residual clause is void for vagueness in violation of the Fifth Amendment." *United States v. Blackstone*, 903 F.3d 1020, 1028 (9th Cir. 2018). As indicated by the Ninth Circuit, "[t]he Supreme Court may hold in the future that *Johnson* extends to sentences imposed . . . pursuant to 18 U.S.C. § 924(c), but until then [defendant's] motion is untimely." *Id.*

Zambrano moves to stay consideration of her §2255 motion until the Ninth Circuit issues "the mandate in *Blackstone* or until the United States Supreme Court resolves certiorari of *Blackstone*, whichever is later." As the Ninth Circuit has issued its decision in *Blackstone*, however, this Court is bound to follow that decision. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000).

2

Further, even if the Supreme Court issues certriorari and reverses *Blackstone*, permitting Zambrano's motion to be considered on its merits, her motions nevertheless will fail as the Ninth Circuit has rejected the specific argument raised by Zambrano: that carjacking is not a crime of violence under the §924(c)'s physical force clause because it can be committed by intimidation.

> To be guilty of carjacking "by intimidation," the defendant must take a motor vehicle through conduct that would put an ordinary, reasonable person in fear of bodily harm, which necessarily entails the threatened use of violent physical force. It is particularly clear that "intimidation" in the federal carjacking statute requires a contemporaneous threat to use force that satisfies *Johnson [v. United States, 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010)]* because the statute requires that the defendant act with "the intent to cause death or serious bodily harm." 18 U.S.C. § 2119."

*United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017).

The Court will also deny Zambrano's *pro se* motions, both because the Court lacks authority to provide the relief requested and because the Court intended, and did not err, in determining that Zambrano be jointly and severally liable with her co-defendant for the restitution they owe to the victim of their criminal conduct.

<u>Certificate of Appealability</u>

To appeal this order, Zambrano must receive a certificate of appealability from a circuit or district judge. 28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22-1(a). To obtain that certificate, Zambrano "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quotation omitted). Though the Supreme Court has not yet decided whether to issue certiorari in *Blackstone*, reasonable jurists cannot debate that the Ninth Circuit has squarely rejected Zambrano's argument that carjacking is a not a crime of violence under §924(c)'s

physical force clause. Accordingly, the Court will decline to issue a certificate of appealability.

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendant's Motion to Stay (ECF #89) is DENIED;

THE COURT FURTHER **ORDERS** that Defendant's Abridged Motion and Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (ECF ## 73, 75) and her *pro se* Motion for Reconsideration raising the same argument and seeking the same relief (ECF #92) are DENIED;

THE COURT FURTHER **ORDERS** that Defendant's *pro se* Motion to Stay Interest and Defer Payments (ECF #95), and Letter requesting Credit for Time Served and to Sever Defendant's Joint and Several liability for restitution (ECF #96) are DENIED.

DATED this 21 day of June, 2019.

Lloyd D. George
United States District Judge